Filed 01/27/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04417

| Midland Credit Management, Inc. v. Carrie MacMillian |
| --- |

## ENTRY REGARDING MOTION

**Title:** Motion to Compel Arbitration (Motion: 2)
**Filer:** Carrie A MacMillian
**Filed Date:** January 06, 2026

The motion is GRANTED.

Defendant Carrie MacMillian has filed the present motion seeking to compel arbitration in this matter pursuant to the terms of her card agreement, which contains the following language:

- **You or we may arbitrate** any claim, dispute or controversy between you and us arising out of or related to your Account, a previous related Account or our relationship (called "Claims').

- **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim**.

Except as stated below, all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief} they seek, including Claims based on contract, tort {including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/ subsidiary company.

Defendant's Ex. A.

Plaintiff Midland Credit Management, Inc. does not dispute these terms or their applicability to the present matter, but it relies upon the exception found in the next paragraph of the Agreement that states:

- Individual Claims filed in a small claims court are not subject to arbitration, as long as the matter stays in small claims court.

Id. The problem with Plaintiff's argument is that the present matter was not filed in the Small Claims Court Division, and it is not subject to this exception. The present matter was filed in the Civil Division of the Vermont Superior Court and has been docketed and treated as such.

Based on the inapplicability of the exception, Defendant's request for arbitration is timely and appropriate. The parties are directed to contact and begin the arbitration process within the next 60 days. 12 V.S.A. § 5674. The scope of this arbitration shall include Plaintiff's primary collection claim along with any available affirmative defenses and possible counterclaims with Defendant. Either party shall confirm with the Court that arbitration has begun. The Court will stay this matter for the 60 days leading to the parties' arbitration, but it will dismiss this matter unless a party seeks relief under the parties' arbitration agreement. Id. The Parties may seek to re-open this matter after arbitration if either side seeks to enforce the Order with the understanding that short of some legal grounds arbitration is in lieu of court trials, and neither party has a right of appeal.

**So Ordered.**

Electronically signed on 1/26/2026 6:29 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge